**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARSHALL A. STULL, | ) | CASE NO. 1:09 CV 2379 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II (Doc. No. 14) with respect to plaintiff's request for judicial review of defendant's denial of his claim for supplemental security income ("SSI"). Plaintiff filed objections and defendant filed a response to those objections. (Doc. Nos. 15 and 16, respectively.)

Upon *de novo* review of those matters objected to and for the reasons set forth below, the Court hereby overrules plaintiff's objections and **ACCEPTS** the R&R.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on March 24, 2005, alleging a disability onset date of January 1, 2003 due to asthma. (Tr. 73-75, 80.) A hearing was conducted before an Administrative Law Judge ("ALJ") on June 13, 2007. Plaintiff, represented by counsel, appeared and testified. (Tr. 449-96.) On August 9, 2007, the ALJ issued a decision (Tr. 11-20) determining, in relevant part, as follows:

1.  The claimant has not engaged in substantial gainful activity since March 16, 2005, the application date (20 CFR 416.920(b) and 416.971 et seq.).

2.  The claimant has the following severe impairments: COPD/asthma and learning disorder (20 CFR 416.920(c)).

    * * *

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 416.925 and 416.926).

    * * *

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should avoid even moderate exposure to extreme heat or cold and should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (12F). He can do work involving simple, routine tasks (10F/17).

    * * *

5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).

    * * *

6.  The claimant was born on January 24, 1969 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

(Tr. 13-18.) Plaintiff timely appealed and, on October 5, 2009, the Appeals Council declined to review his case, making the ALJ's decision final. (Tr. 3-5.)

Plaintiff timely filed the instant action under 42 U.S.C. § 405(g) and 1383(c)(3) seeking judicial review of the administrative determinations. Plaintiff, represented by counsel, filed a Fact Sheet and Statement of Errors (Doc. No. 11) and defendant filed a brief on the merits (Doc. No. 13).

On February 4, 2011, Magistrate Judge Knepp issued his R&R (Doc. No. 14), addressing the three issues raised by the plaintiff: (1) whether the ALJ properly considered plaintiff's failure to quit smoking; (2) whether substantial evidence supported the ALJ's residual functional capacity ("RFC") finding; and (3) whether the ALJ properly assessed plaintiff's complaints of pain and hand numbness. The R&R ultimately concluded that the decision to deny SSI benefits was supported by substantial evidence.

## II. STANDARD OF REVIEW

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). It is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley*). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have

resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III. DISCUSSION

Plaintiff has filed objections with respect to the R&R's findings relating to the first and third issues he raised in this lawsuit. He raised no objection regarding the findings relating to the second issue (his RFC). Therefore, the R&R is accepted with respect to that issue.[1]

*Failure to Quit Smoking*

With respect to the first issue, plaintiff had argued in his initial brief that, although doctors had repeatedly advised him to quit smoking, no doctor had formally "prescribed" smoking cessation as treatment for his COPD or asthma and, even if they had, there is no evidence that smoking cessation would have improved his health and/or restored his ability to perform substantial gainful activity.

The R&R rejected plaintiff's attempt at "semantics," asserting that "[i]f a patient wants to improve his health, he should follow the doctor's recommendations [and that] smoking cessation is no different." (R&R at 8.) The R&R further concluded: "This is especially true if, as here, the treatment recommendation is for an impairment that a claimant alleges causes disabling limitations." (*Id.*, citing *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir.

---

[1] With respect to the second issue raised by the plaintiff in this lawsuit, whether substantial evidence supported the ALJ's RFC finding (*see* Tr. at 15-18, ¶ 4), the R&R pointed to the record evidence that no physician had ever found plaintiff disabled from working, even while smoking, and that, even during his flareups (which occurred about every six months) "the clinical and diagnostic findings regarding his breathing ability were relatively normal." (R&R at 10.) Further, plaintiff's own physician concluded he was able to run up to a mile and a half without trouble, which the R&R found to be "consistent with the ability to perform at least the work tasks necessary for the light and sedentary jobs the vocational expert identified as consistent with the ALJ's RFC finding." (*Id.*). These findings are accepted.

4

1988) (taking judicial notice of a large body of medical opinions correlating smoking and health problems).

The R&R also rejected plaintiff's assertion that no doctor had ever opined that smoking cessation would render him able to perform substantial gainful activity. The rejection was based on the fact that no doctor had ever found him disabled from work, even when he was smoking. (*Id*. at 8.)

Finally, the R&R clarified that failure to quit smoking was only one example of treatment non-compliance and that the record contained several other examples which "detracted from the credibility of Plaintiff's statements that he was disabled by asthma or chronic obstructive pulmonary disease or both." (*Id*. at 9.)

Plaintiff objects to the R&R's conclusion that his credibility was undermined by his failure to follow the advice of his doctors to quit smoking. He argues that "it is critical to a finding of failure to follow advice that one is actually able to comply." (Objections, at 1.) He argues that he has tried to quit smoking on many occasions, but has not been successful, "due to the highly addictive nature of cigarettes." (*Id*. at 1-2.) "Therefore, his failure to follow the advice of his doctors to quit smoking should not be used against him, as he is simply powerless to comply." (*Id*. at 2.)[2]

In support of his objection, plaintiff points to *Seals v. Barnhart*, 308 F.Supp.2d 1241 (N.D. Ala. 2004), wherein the court distinguished *Sias*, *supra*, and concluded that, "[i]f the plaintiff was unable to stop smoking because she was addicted to nicotine, her noncompliance would not be unjustified." *Id*. at 1250. The court stated that "[t]he burden is on the

---

[2] Defendant points out in its response that, in his initial brief before this Court, plaintiff argued that no doctor had ever formally prescribed smoking cessation, whereas in his objections he is really arguing that he tried to quit smoking but could not. As properly noted by defendant, inability to quit smoking does not render plaintiff disabled, especially in view of the facts set out in note 1, *supra*.

Commissioner to produce evidence of unjustified noncompliance." *Id*. (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1214, n.8 (11th Cir. 1988)).

The court in *Seals* also concluded that "[a] more enlightened view" about continued smoking was held by the Seventh Circuit where, in *Shramek v. Apfel*, 226 F.3d 809 (7th Cir. 2000), the court recognized the addictive nature of nicotine and the need for the Commissioner to show that, if a claimant were to quit smoking, she could "'return to work'" *Seals*, 308 F.Supp.2d at 1249 (quoting *Shramek*, 226 F.3d at 813).

*Seals* does not advance plaintiff's position for several reasons. First, the court in *Seals* noted that it was "clear that the plaintiff's failure to stop smoking was central to the ALJ's finding that she was not disabled." *Id*. In contrast, it acknowledged that, in *Sias*, "more than the mere continuance of smoking was considered by the court[,]" *Seals*, 308 F.Supp.2d at 1248, and "continuing to smoke may have been inconsistent with a finding of disability." *Id*. Unlike in *Seals*, the R&R in the instant case did not conclude that failure to stop smoking *per se* is inconsistent with a finding of disability. The R&R also did not rely only on the failure to quit smoking. Rather, it cited other record evidence (in particular, the fact that no physician had ever concluded that plaintiff was disabled even while he was smoking as well as the fact that plaintiff had abused his albuterol inhalers on several occasions).

Finally, and importantly, another reason to reject application of *Seals* is that it is not controlling precedent for this Court (nor is the Seventh Circuit opinion relied upon by *Seals* controlling here).

This objection is overruled.

*Drug-Seeking Behavior*

Regarding the third issue (the ALJ's alleged erroneous rejection of plaintiff's subjective complaints of pain and hand numbness), the R&R noted that these complaints were "undermined by the complete lack of any clinical examination findings or diagnostic studies confirming arthritis or any other cause for Plaintiff's alleged symptoms." (R&R at 11.) Therefore, plaintiff's subjective complaints "can not [sic] be a basis for a disability finding." (*Id.*). The R&R also rejected plaintiff's assertion that his use of narcotic pain medication confirms that his condition was disabling because the record shows that he was prescribed such medication for only a short time and then advised that no more would be prescribed and that he should go to a pain management clinic, which plaintiff failed to do. In fact, the R&R stated that the record "suggests drug seeking behavior." (*Id.* at 12.) As a result, the R&R concluded that "the ALJ reasonably did not give great weight to Plaintiff's allegations of pain and hand numbness." (*Id.*).

Plaintiff objects to the R&R's reference to "drug seeking behavior," arguing that only one doctor made such accusation (Objections at 2), and that his own physician continued to prescribe the narcotic pain relievers apparently unconcerned about "drug seeking." He objects that the R&R's affirmance of the ALJ's conclusion that evidence of his drug seeking behavior calls his credibility into question casts him in "an unfairly negative light[.]" (*Id.* at 3.)

Plaintiff's objection has no merit. The record shows that plaintiff had so abused his albuterol inhalers that one doctor discharged him from further care for "non-compliance" and abuse of the inhalers. (Tr. 14, 196.) That same doctor noted that plaintiff had tried to obtain duplicate prescriptions for an inhaler from two different doctors under false pretenses, suggesting drug-seeking behavior. (Tr. 196.) The ALJ noted that another doctor had documented that

7

plaintiff was using a friend's albuterol. (Tr. 14, 267.) Thus, the record supports that more than one doctor suspected drug-seeking behavior on plaintiff's part. This, indeed, renders incredible his subjective claims that he suffered from arthritis symptoms.

This objection is overruled.

## IV. CONCLUSION

Having conducted a *de novo* review of the matters in the R&R to which plaintiff objected, the Court overrules plaintiff's objections and accepts the R&R and will issue a separate judgment entry dismissing this case.

**IT IS SO ORDERED**.

Dated: March 9, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**